1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUIS VEGA,

11            Plaintiff,                No. CIV S-02-1977 MCE KJM PC

12       vs.

13   EDWARD S.  ALAMEIDA, et al.,

14            Defendants.          FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with an action for violation of civil

17   rights under 42 U.S.C. § 1983.  The September 17, 2004 motion to dismiss brought by defendant

18   Branich  is before the court.

19            Defendant argues that plaintiff failed to exhaust administrative remedies with

20   respect to his claim prior to filing suit.  A motion to dismiss for failure to exhaust administrative

21   remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.

22   Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  It is defendant's burden to show that

23   plaintiff failed to exhaust.  Id.  In deciding a motion to dismiss for a failure to exhaust non-

24   judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id.

25   at 1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,

26   the proper remedy is dismissal of the claim without prejudice.  Id.

1

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims, Cal. Code Regs. tit. 15, § 3084.5, unless it is shown that administrative exhaustion is unavailable as a remedy. All available steps must be completed before a civil rights action is filed; exhaustion during the pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

Plaintiff claims that defendant Branich, a correctional officer, pushed and tried to trip plaintiff on May 2, 2002, causing back pain and sleep difficulties.  See Am. Compl. (filed Dec. 19, 2003).  It is undisputed that plaintiff filed a grievance concerning his allegations against defendant Branich and that the grievance progressed through the first formal level of review.  See Mot. to Dismiss, Ex. A., Attach. 1 at 1-3.  After conducting the first formal level of review, C. Tennison informed plaintiff  that his grievance had been "cancelled" under California Code of Regulations title 15, section 3084.4(d) because plaintiff had been "incorporative *[sic]* during the interview process" by "refusing to answer questions regarding [his] allegations."  Mot. to Dismiss, Ex. A., Attach. 1 at 1. Plaintiff attempted to appeal the cancellation to the second level of review.  Pl.'s Objections to Findings & Recommendations (filed Dec. 19, 2003) at 37-40 (page numbers indicated in upper right corner).  Plaintiff then received an appeal screening form stating that his appeal had been cancelled at the first level, ending the process of the appeal.  Id. at 42.

Defendant argues that plaintiff forfeited any potential section 1983 claim when his alleged failure to cooperate with the first level interview process caused his appeal to be

2

1   "cancelled" at the first formal level of review .  Mot. to Dismiss at 5.  The Ninth Circuit Court of

2   Appeals recently has found that 42 U.S.C. section 1997e(a) does not bar a section 1983 action if

3   the corresponding prisoner grievance was denied on procedural grounds.  Ngo v. Woodford, 403

4   F.3d 620, 631 (9th Cir. 2005).  Thus the Ninth Circuit has made clear that, with respect to

5   California prisoners, as long as there was no available administrative procedure to exhaust at the

6   time a section 1983 action was filed, a section 1983 action should not be dismissed for failure to

7   exhaust.  Id.[1]  Based on the holding of Ngo, the court will recommend that defendant Branich's

8   motion to dismiss be denied.

9            In accordance with the above, IT IS HEREBY RECOMMENDED that:

10           1.  Defendant Branich's September 17, 2004 motion to dismiss be denied; and

11           2.  Defendant Branich be ordered to file her answer within twenty days of any

12   order adopting the above findings and recommendations.

13           These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provision of 28 U.S.C. § 636(b)(1). Within twenty

15   days after being served with these findings and recommendations, any party may filed written

16   objections with the court and serve a copy on all parties. Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

18   /////

19   /////

20   /////

21   /////

22   /////

23   _____

24   [1]  Even if the court could find that a state prisoner could default a section 1983 claim by
     failing to follow state regulations regarding exhaustion, defendant in this case has not made a
     sufficient showing that plaintiff's grievance was properly "cancelled" to satisfy her burden.

25   Defendant provides no facts in support of a finding that plaintiff's grievance was properly
     cancelled, simply a conclusion from a grievance reviewer that plaintiff was "incorporative."  Cf.

26   Barkley v. Brown, 2002 U.S. Dist. WL 1677709 (N.D. Cal. July 22, 2002).

shall be served and filed with ten days after service of the objections. The parties are advised that failure to file objections with the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 20, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1/ja
vega1977.57